David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston (SBN 263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Samuel Katz and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,

Movants,

v.

SHELL ENERGY NORTH AMERICA (US), LP, a California corporation,

Respondent.

No. '21CV133 W MSB

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFFS' MOTION TO ENFORCE SUBPOENA AGAINST SHELL ENERGY NORTH AMERICA (US), LP**

Originating Case: *Katz v. Liberty Power Corp., LLC, Liberty Power Holdings, LLC*, No. 1:18-cv-10506, pending in the United States District Court for the District of Massachusetts

**TABLE OF CONTENTS**

I. Plaintiffs Served a Valid Subpoena on SENA ..... 1

II. Plaintiffs' Efforts to Meet and Confer Have Been Unsuccessful ..... 2

III. SENA's Response Is Deficient Because It Does Not Indicate What Documents SENA Has Withheld ..... 2

IV. SENA's Objections Lack Merit ..... 4

A. Shell's Objection of Undue Burden Lacks Merit ..... 5

B. The Subpoena Seeks Relevant Documents ..... 6

C. The Subpoena Seeks Documents in SENA's Control ..... 7

D. SENA's Privilege Objections Lack Merit ..... 10

V. Plaintiffs Seek Relief from the Court ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. Farber & Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal. 2006) ....................................................5, 6

*In re ATM Fee Antitrust Litig.*,
233 F.R.D. 542 (N.D. Cal. 2005) ....................................................8

*Bible v. Rio Props., Inc.*,
246 F.R.D. 614 (C.D. Cal. 2007) ....................................................5

*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*,
No. 13-2809, 2015 WL 269051 (E.D. La. Jan. 21, 2015) ....................3

*In re Coan*,
No. 06-80350, 2007 WL 128010 (N.D. Cal. Jan. 12, 2007) ..................3

*Compaq Computer Corp. v. Packard Bell Electronics, Inc.*,
163 F.R.D. 329 (N.D. Cal. 1995) ....................................................10

*Cooney v. Sun Shipbuilding & Drydock Co.*,
288 F. Supp. 708 (E.D. Pa. 1968)....................................................7

*Covad Commc'ns Co. v. Revonet, Inc.*,
254 F.R.D. 147 (D.D.C. 2008) ........................................................6

*In re DG Acquisition Corp.*,
151 F.3d 75 (2d Cir.1998)...............................................................4

*Diamond State Ins. Co. v. Rebel Oil Co.*,
157 F.R.D. 691 (D. Nev. 1994).......................................................6

*Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*,
136 F.R.D. 179 (E.D. Cal. 1991).....................................................3

*Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*,
443 U.S. 340 (1979)........................................................................9

*Ferrell v. IBP, Inc.*,
No. 98-4047, 2000 WL 34032907 (N.D. Iowa Apr. 28, 2000) .............5

*Forsythe v. Brown*,
281 F.R.D. 577 (D. Nev. 2012) ........................................................... 9, 10

*Gonzales v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006) ........................................................... 7

*Hall v. Sullivan*,
231 F.R.D. 468 (D. Md. 2005) ........................................................... 4

*Hill v. Eddie Bauer*,
242 F.R.D. 556 (C.D. Cal. 2007) ........................................................... 7, 9

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
No. 11-9185, 2012 WL 7783405 (C.D. Cal. Apr. 23, 2012) ........................ 9

*Johnson v. Kraft Foods N. Am., Inc.*,
236 F.R.D. 535 (D. Kan. 2006) ........................................................... 10

*Katz v. Liberty Power Corp., LLC*,
No. 18-10506, 2019 WL 4645524 (D. Mass. Sept. 24, 2019) ........................ 7

*Katz v. Liberty Power Corp., LLC*,
No. 18-10506, 2020 WL 3492469 (D. Mass. June 26, 2020) ........................ 1, 7

*L-3 Commc'ns Corp. v. Sparton Corp.*,
313 F.R.D. 661 (M.D. Fla. 2015) ........................................................... 6

*Mancia v. Mayflower Textile Servs. Co.*,
253 F.R.D. 354 (D. Md. 2008) ........................................................... 10

*McCoy v. Sw. Airlines Co.*,
211 F.R.D. 381 (C.D. Cal. 2002) ........................................................... 4

*McLeod, Alexander, Powel & Apffel, P.C v. Quarles*,
894 F.2d 1482 (5th Cir. 1990) ........................................................... 5

*McMann v. SEC*,
87 F.2d 377 (2d Cir. 1937) ........................................................... 9

*Miller v. Pancucci*,
141 F.R.D. 292 (C.D. Cal.1992) ........................................................... 10

*United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646 (C.D. Cal. 2007) ....5

*Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541 (N.D. Cal. 2009) ....3

*Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. 07-01991, 2008 WL 349059 (D. Colo. Feb. 6, 2008) ....7

*Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668 (C.D. Cal. 1998) ....4

*Sig M. Glukstad, Inc. v. Lineas Aereas Nacional-Chile*, 656 F.2d 976 (5th Cir. 1981)....9

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal. 1995) ....8

*In re Subpoena Duces Tecum*, 461 B.R. 823 (Bankr. C.D. Cal. 2011) ....5

*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004)....8

*Thomas v. Cate*, 715 F. Supp. 2d 1012 (E.D. Cal. 2010) ....5

*In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, No. 08-1980, 2010 WL 4942645 (C.D. Cal. July 29, 2010) ....4

*Trevino v. ACB Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) ....9

*United States v. Bryan*, 339 U.S. 323 (1950)....11

*United States v. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450 (9th Cir. 1989)....8

*United States v. O'Neill*, 619 F.2d 222 (3d Cir. 1980)....3

*Walker v. Lakewood Condominium Owners Ass'n*,
186 F.R.D. 584 (C.D. Cal. 1999) ....................................................................3

*In re Yassai*,
225 B.R. 478 (Bankr. C.D. Cal. 1998) ...........................................................5

**Statutes**

Telephone Consumer Protection Act.................................................................1

Unfair Fraudulent Transfer Act.........................................................................7

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, Federal Practice &
Procedure § 2456 (3d ed. 2020) ......................................................................8

Fed. R. Civ. P. 34.........................................................................................3, 8

Fed. R. Civ. P. 34(b) ..........................................................................................3

Fed. R. Civ. P. 45...................................................................................*passim*

Fed. R. Civ. P. 45(a)(1)(A)(iii)...........................................................................8

Fed. R. Civ. P. 45(c)(2), (g) ................................................................................1

Fed. R. Civ. P. 45(d) ........................................................................................10

Fed. R. Civ. P. 45(e)(2)(A) ...............................................................................10

**MEMORANDUM SUPPORTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM SENA**

Plaintiffs Samuel Katz and Lynne Rhodes ("Plaintiffs") hereby submit their memorandum in support of their Motion to compel to compel SENA, Inc. ("SENA") to comply with subpoenas and other relief under Federal Rule of Civil Procedure 45.

## I. Plaintiffs Served a Valid Subpoena on SENA

Plaintiffs brought a class action under the Telephone Consumer Protection Act, and seek discovery related to Liberty Power Corp., LLC and/or Liberty Power Holdings, LLC ("Defendants"). Plaintiffs obtained an order compelling production of documents from Defendants. *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2020 WL 3492469, *4-7 (D. Mass. June 26, 2020) ("*Katz II*"). Plaintiffs have since moved the originating court to enforce its order, to account for documents missing from Defendants' production. (Preston Decl. ¶3.)

SENA is one of Defendants' creditors and partners. (*Id*. ¶¶5, 9.) On December 2, 2020, Plaintiffs served a subpoena on SENA for (1) SENA's communications with Liberty Power Corp., LLC and/or Liberty Power Holdings, LLC ("Defendants") during the class period, (2) documents SENA relied on for any transaction that was in effect during the class period, (3) communications regarding the subpoena, (4) documents concerning any incident in which responsive documents were lost, (5) documents concerning any costs SENA seeks to impose on Plaintiffs, and (6) documents supporting SENA's objections. (*Id*. ¶10.) Plaintiffs served a subpoena on SENA because it has relevant documents, its production will help Plaintiffs verify whether Defendants' production is complete, and Plaintiffs have case management deadlines to meet (notwithstanding Defendants' resistance). SENA maintains an office in San Diego county. (*Id*. ¶8.) This Court is the proper venue for service of the subpoena and enforcement of the subpoena. Fed. R. Civ. P. 45(c)(2), (g).

//

## II. Plaintiffs' Efforts to Meet and Confer Have Been Unsuccessful

Plaintiffs and SENA exchanged initial meet and confer communications, but SENA represented that Plaintiffs' counsel's emails had gone to SENA's email spam folders undetected. (*Id*. ¶11.) On December 15, 2020, SENA served objections to the subpoena, and did not produce any documents. (*Id*. ¶12.)

On December 16, Plaintiffs' counsel tried unsuccessfully to call SENA's representatives, and emailed and faxed a meet and confer letter as well. (*Id*. ¶13.) Plaintiffs met and conferred with SENA on December 18, to try to sequence and narrow the dispute over SENA's production—but SENA indicated that it had not located the custodians with responsive records. (*Id*. ¶14.) When Plaintiffs met and conferred with SENA again on January 18, 2021, it indicated that it would seek Defendants' permission before producing monthly financial reporting, and would contact its own custodians and Defendants later that day. (*Id*. ¶15.) Plaintiffs and SENA did not otherwise narrow their dispute, although Plaintiffs proposed sequencing and staging the production to specific categories of documents to mitigate SENA's objections. (*Id*.) The next day, Plaintiffs' counsel followed up to see if SENA had contacted its custodians and Defendants, indicating the situation "certainly warrants giving Shell a little bit more time to see if we can resolve this through the meet and confer process, by staging [subsequent] productions." (*Id*. ¶16.) SENA has not responded. (*Id*.)

## III. SENA's Response Is Deficient Because It Does Not Indicate What Documents SENA Has Withheld

SENA's response does not identify withheld documents, although SENA has indicated in the meet and confer process that it is withholding communications with Defendants (including monthly financial reporting) and its due diligence on Defendants. (*Id*. ¶15.) Shell's generic objections have complicated the meet and confer process. The Federal Rules require specific objections for a reason:

> Objections that fail to provide an appropriate factual basis make it difficult for the parties to even informally discuss any alleged defects

> in a discovery request or response in hope of fixing the defects. . . . This inhibits the parties' abilities to resolve discovery disputes on their own, as intended by the Rules. . . .

*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, *4 (E.D. La. Jan. 21, 2015). "The purpose of the specific objection requirement is to provide the party seeking discovery with a basis for determining what documents [have been] withheld." *Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (applied in *Makaeff v. Trump Univ., LLC*, No. 10-0940, 2013 WL 990918, *6-7 (S.D. Cal. Mar. 12, 2013) to generic objections to subpoenas).[1]

> The same rationale for requiring that a party objecting to a request for production of documents under [Rule] 34(b) must submit a written response specifying the objection to each category applies equally to the response to a subpoena duces tecum. This gives each party the opportunity to analyze the request and the corresponding objection, and gives the court a fuller record on which to base its ruling. It also provides some assurance that the party asserting the privilege has directed his or her attention to the scope of the claim being asserted.

*United States v. O'Neill*, 619 F.2d 222, 225-26 (3d Cir. 1980). *See also* Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

In their December 16, 2020 letter, Plaintiffs indicated that SENA's objections were too generic to facilitate the meet and confer process, and stated they would be "better able to discuss Shell's objections if [they understood] what responsive documents exist, and the available methods and means of collection, so Plaintiffs can make an informed decision about how to narrow the subpoena."

---

[1] *See also Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 543-44 (N.D. Cal. 2009); *In re Coan*, No. 06-80350, 2007 WL 128010, *5 (N.D. Cal. Jan. 12, 2007) ("party objecting to discovery requests must state specific facts in support of the objection" citing Fed. R. Civ. P. 34(b); subpoenaed witnesses' "general objection" to subpoena overruled where they "did not identify how each discovery request is overly broad, burdensome, or oppressive").

(Preston Decl. ¶15.)

At this point, however, it is too late for SENA to advance new and more sufficient objections or to supplement the record on their objections. "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998); punctuation omitted).

> Allowing a party to present objections . . . serially would be inefficient. [I]f a party were permitted to interpose [serial] objections . . . the party who propounded the discovery requests could be strung along indefinitely. The result would be unacceptable delay in the completion of discovery, the unnecessary expense of serial meetings between counsel, and the unnecessary burden of serial motions to compel.

*Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) ("[o]bjections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for [initial] response"). Cf. *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) ("strong policy reasons favoring a requirement that a party raise all existing objections to [discovery] with particularity and at the time of answering the request, so that counsel may meet and confer ***once*** to try to resolve the objections and, if unsuccessful, present the dispute to the court for prompt resolution . . . [n]o benefit [from] piecemeal objections"). *See also In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, No. 08-1980, 2010 WL 4942645, *5 (C.D. Cal. July 29, 2010) ("By not establishing the basis for its burdensomeness objection at the time defendant asserted its objection, plaintiff was denied the opportunity to challenge the objection.")

## IV. SENA's Objections Lack Merit

As Plaintiffs' December 16 meet and confer letter indicates, SENA's objections lack merit. (Preston Decl. ¶15.) Plaintiffs address each of SENA's objections below.

**A. Shell's Objection of Undue Burden Lacks Merit**

SENA objects the subpoena "overly broad and unduly burdensome." This objection lacks merit. *See Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) ("no merit to . . . general or boilerplate objections such as 'overly broad'"; citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber*, 234 F.R.D. at 188 (citing, e.g., *McLeod, Alexander, Powel & Apffel, P.C v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) for proposition that objections that discovery is "overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable"). *See also United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (objection stating "[o]verbroad, unduly burdensome, unduly redundant to other discovery, oppressive" were meritless and improper "boilerplate objections"). "[A]n objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) (citations; punctuation omitted). Shell's objections offer no such substantiation.

The same analysis applies in the subpoena context. "A party [objecting to a subpoena] on the grounds of undue burden [under Rule 45] bears the burden of proof. . . . [That] burden is a heavy one," and cannot be sustained without "evidence pertaining to the time, cost, or inconvenience entailed in responding to [a subpoena.]" *In re Yassai*, 225 B.R. 478, 483-84 (Bankr. C.D. Cal. 1998) (multiple citations omitted). *See also In re Subpoena Duces Tecum*, 461 B.R. 823, 831 (Bankr. C.D. Cal. 2011) (conclusory statement [that subpoena was "overly broad and unduly burdensome"], without an elaboration, is insufficient to defeat [subpoena]"); *Ferrell v. IBP, Inc.*, No. 98-4047, 2000 WL 34032907, at *1 (N.D.

Iowa Apr. 28, 2000) ("burden to prove that a subpoena is unreasonable or oppressive rests upon the party seeking to quash or modify; "[m]ere assertions that compliance would be burdensome are insufficient to satisfy such a burden"; citations omitted); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 696 (D. Nev. 1994) ("generalized and unsupported allegation of undue burden is not sufficient to prevent enforcement of the subpoenas"; boilerplate burdensome objection has "little credibility" without "a clearer explanation" of the burden).

Here, Plaintiffs seek all communications between SENA and Defendants during the class period. This could be narrowed (at least at the outset) to all email. This shifts the burden of reviewing and parsing out especially relevant documents to Plaintiffs, while minimizing SENA's burden. SENA does not need to parse out privileged or irrelevant or unresponsive documents—it need only search for and produce email with correspondents using the "libertypowercorp.com" domain name. *See L-3 Commc'ns Corp. v. Sparton Corp.*, 313 F.R.D. 661, 666 (M.D. Fla. 2015) ("keyword searching permits a party to efficiently identify documents containing a specific word or combination of words," "'glory of electronic information is . . . that it permits the computer to search for words or 'strings' of text in seconds'"; citation omitted). SENA does not even need to convert its production to pdf: the subpoena seek native format production. SENA can simply produce native format documents "with a couple of keystrokes," and converting to a different format "probably . . . costs more so [SENA is] hard pressed to claim that producing them now in their native format is unfairly burdensome." *Covad Commc'ns Co. v. Revonet, Inc.*, 254 F.R.D. 147, 150 (D.D.C. 2008).

**B. The Subpoena Seeks Relevant Documents**

SENA objects the subpoena "seeks information not relevant to the subject matter of the litigation." SENA's generic objection to relevancy lacks merit: "boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper." *A. Farber*,

234 F.R.D. at 188. *See also Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (rejecting "general or boilerplate relevancy objection[s]" which failed to "provide[] any explanation at all why [discovery] requests are not relevant"). SENA does not offer any explanation as to why the information sought by the subpoena is irrelevant.

Further, SENA's relevancy objection is simply incorrect. Plaintiffs seek information about Defendants, their finances, their representations about the underlying litigation, and their relationship with SENA. Plaintiffs seek due diligence documentation to support a claim of willful TCPA violations. Plaintiffs seek to re-assert Unfair Fraudulent Transfer Act claims against Defendants and their owners and investors, and gather information about what Defendants represented to others about its TCPA liability and liability on other claims.[2] Plaintiffs' subpoena falls within the "permissive" standard of relevance applicable here. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) (relevance is "liberally construed to permit the discovery of information which ultimately may not be admissible at trial"). As a third party, SENA is entitled to some degree of deference, but it also means it is not in a position to second-guess Plaintiffs about the relevancy of the discovery sought by the subpoena.[3]

**C. The Subpoena Seeks Documents in SENA's Control**

SENA objects "to the extent that [Plaintiffs' subpoena] seeks information

[2] *See Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 WL 4645524, *9 (D. Mass. Sept. 24, 2019) (dismissing UFTA claims "without prejudice, and because [Plaintiffs] allege[] that financial strain motivated the allegedly less than scrupulous marketing practices at issue here, some discovery into Liberty Power's capitalization, earnings, and financial conduct may still be appropriate"); *Katz II*, 2020 WL 3492469, at *4-7 (later granting certain discovery related to Defendants' finances).

[3] SENA's mistake as to the relevance of the subpoena is perhaps not surprising. SENA "is not a party to the case and [is] in no position to be an arbiter of relevance therein." *Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. 07-01991, 2008 WL 349059, *2 (D. Colo. Feb. 6, 2008). *See also Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968) ("having no interest in the outcome of the case, arguments as to 'relevancy' and 'materiality' are not appropriate concerns to . . . witnesses" who receive a subpoena).

not in Shell's possession, custody, or control." Without specific details, this objection lacks legal merit and (worse) complicates the meet and confer process. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004) (disapproving of objecting "'to the extent'" an objection "may apply to particular requests for discovery . . . as worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery"; finding such objections waived).

There is no reason to believe any of the documents identified in the subpoena would be outside Shell's control, for purposes of the subpoena. Rule 45 can "command each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). In the context of Rule 45, "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States v. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

> [A]ctual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.

*Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D.Cal. 1995). "Courts apply the legal control test to requests for documents under both Rule 34 and Rule 45. 'A rule 45 subpoena, as well as a rule 34 document request, [covers] documents within the possession, custody or control of the subpoenaed person." *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) (citation, punctuation omitted). "Cases construing the words 'possession, custody or control' in Rule 34 are helpful in applying these principles in the context of Rule 45." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2456 (3d ed. 2020).

In the January 18 meet and confer, SENA indicated it would need to seek Defendants' permission to release monthly financial reports. (Preston Decl. ¶15.) However, "there is no absolute privilege for confidential information" and CallFire's objection does not justify withholding these documents. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561 (C.D. Cal. 2007) (citing, e.g., *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) ("courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure"; quoting Fed. R. Civ. P. 26(c) advisory committee's note on 1970 amendment)). *Forsythe v. Brown*, 281 F.R.D. 577 (D. Nev. 2012) held one witness in contempt for failing to comply with subpoenas for his clients' financial records because his clients told him to do so: the accountant could not "shirk his obligations under the subpoenas . . . with the response that he was following his clients' order." *Id.* at 589.[4] SENA cannot avoid its duties with respect to the subpoena based on Defendants' say so.

In any event, Plaintiffs already provided SENA with a copy of the stipulated protective order ("SPO") for confidential information entered by the originating Court for the underlying case. (*See* Preston Decl. ¶16.) The SPO "already entered in this case should be sufficient to address . . . concerns regarding confidentiality"; if there are legitimate concerns on that score, SENA could "ask the court to strengthen" the SPO, rather than refusing to comply with the subpoena. *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, No. 11-9185, 2012 WL 7783405, *1 (C.D. Cal. Apr. 23, 2012). "Courts do not lightly assume that counsel will violate a protective order[.]" *Id. Cf. Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D.

[4] *See also Sig M. Glukstad, Inc. v. Lineas Aereas Nacional-Chile*, 656 F.2d 976, 978, 979 (5th Cir. 1981) (party's argument that "it was bound by contract not to disclose its principal" did not justify refusal to answer discovery; "party should not be allowed to defeat a discovery order by simply stating that it had contracted not to reveal certain information"); *McMann v. SEC*, 87 F.2d 377, 378-379 (2d Cir. 1937) (broker could not refuse to comply with subpoenas based on directions from broker's principal: "it hardly needs to be said that nobody by contract, express or implied, can abridge public duties").

Cal. 2006) (where "stipulated protective order [is] in place, there is virtually no risk that [private information] will be disclosed").

**D. SENA's Privilege Objections Lack Merit**

SENA objects "to the extent that [the subpoena] seeks information covered by the attorney client privilege, work product doctrine and/or any other applicable privileges." Rule 45 expressly requires SENA to "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). *See also Forsythe*, 281 F.R.D. at 588, 589 (predecessor to Rule 45(e)(2)(A) "requires a person withholding subpoenaed information under a claim of privilege. . . to provide a privilege log").

Hence, a general objection "'to the extent [subpoenas] seek documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege against disclosure' . . . do[es] not satisfy the requirements of Rule 45(d)(2)." *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995).[5] Rather, SENA had to provide an adequate privilege log if it wants to sustain this objection. *Id.* (citing *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal.1992) for requirements for adequate privilege log)). Plaintiffs maintain their position that production of a privilege log would be untimely at this point—especially where the primary documents sought in the subpoena—communications between SENA and Defendants—are not privileged. *Cf.* Fed. R. Civ. P. 45(d) advisory committee's notes on 1991 amendment (person "claiming a privilege . . . who fails to provide adequate information about the

[5] *Cf. Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006) (disapproving of practice of objecting "to the extent" a general objection may apply to discovery; court "deemed such 'ostensible' objections waived or declined to consider them as objections at all"; quoted by *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008) (where responding party discovers facts supporting objection, it "should have disclosed them in the objection, as [discovery] responses must state objections with particularity, on pain of waiver")).

privilege . . . claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt").

**V. Plaintiffs Seek Relief from the Court**

Plaintiffs ask the Court to enforce their subpoena, and compel SENA to produce all documents responsive to the subpoena in native format. Just like every other "every person within the jurisdiction of the Government," SENA has a "public duty" to provide evidence to the courts "when properly summoned." *United States v. Bryan*, 339 U.S. 323, 331 (1950). As members of "the public," Plaintiffs have "a right to every man's evidence." *Id.*

> A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this

*Id*. The Court should require SENA to comply with the subpoena. Plaintiffs served a valid subpoena on SENA for discovery it is doubtful they will obtain from Defendants. SENA's objections lack merit, and its efforts to meet and confer failed to expeditiously resolve the discovery disputes now before the Court.

Dated: January 22, 2021 By: s/Ethan Preston

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, California 90046
Telephone: (917) 657-6857
Facsimile: (877) 501-3346

Ethan Preston (SBN 263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310

Dallas, Texas 75204
Telephone: (972) 564-8340
Facsimile: (866) 509-1197

*Attorneys for Plaintiffs Samuel Katz and Lynne Rhodes, on their own behalf, and behalf of all others similarly situated*